UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DAVID WILLIAMS** | : | **DOCKET NO. 2:15-cv-2673** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **BOYD RACING LLC, d/b/a DELTA DOWNS RACETRACK CASINO AND HOTELS** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court is a Motion to Remand and Motion for Attorney's Fees [doc. 5] filed by David Williams ("plaintiff") in response to a Notice of Removal [doc. 1] filed by Boyd Racing, LLC ("Boyd Racing"). Boyd Racing opposes the motions [doc. 11]. For the reasons stated below, the plaintiff's motions are hereby **DENIED**.

### I.
#### BACKGROUND

On February 14, 2015, Williams, a Texas resident, was allegedly injured at the Delta Downs racetrack in Vinton, Louisiana, when the bleachers on which he was walking collapsed. Doc. 1, att. 2, pp. 1–3. He states that the injuries resulted in "serious and painful bodily injuries which required medical attention, surgery, and extensive rehabilitation" and that he suffered and will likely continue to suffer "a great deal of physical pain, mental pain and anguish, disfigurement, and physical incapacity and impairment." *Id.* at 4. On September 4, 2015, Williams filed suit against "Delta Downs Racetrack Casino and Hotels" and "Boyd Racing, LLC" in the Fourteenth Judicial District Court, Calcasieu Parish, Louisiana, alleging that both defendants were Louisiana corporations. *Id.* at 2–5.

On November 13, 2015, Boyd Racing removed the matter to this court on the basis of diversity jurisdiction. Doc. 1. It identified itself as "Boyd Racing, LLC d/b/a Delta Downs Racetrack Casino and Hotel" and asserted that removal was timely because it had not been properly served.[1] Doc. 1, p. 3. It also claimed that the amount in controversy exceeded $75,000 and that diversity of citizenship existed because Williams is a citizen of Texas while Boyd Racing "is a Louisiana Limited Liability Company."[2] *Id.* at 2–3. On the same day Boyd Racing filed a corporate disclosure statement in which it declared that it was a limited liability company organized under Louisiana law, that its sole member was another Louisiana LLC, and that the sole member of that LLC was Boyd Gaming Corporation, a Nevada corporation with its principal place of business in Nevada. Doc. 2.

On December 8, 2015, Williams moved to remand the case and requested attorney's fees associated with the motion. Doc. 5. He alleged that removal violated 28 U.S.C. § 1441(b)(2), known as the "forum defendant rule,"[3] and that Boyd Racing had inadequately alleged its own citizenship as an LLC. Doc. 5, att. 1, pp. 1–2. On December 14, 2015, this court granted Boyd Racing's motion [doc. 7] to amend its notice of removal. Doc. 9. The amendment provided, based on the information set forth in the corporate disclosure statement, that Boyd Racing was a citizen of Nevada. Doc. 10, p. 2.

---

[1] The state court complaint identifies Boyd Racing/Delta Downs' agent for service as "Donald O. Cotton" at an address in Baton Rouge, Louisiana. Doc. 1, att. 2, p. 2. However, the citation provides an address in Vinton, Louisiana. *Id.* at 1. Return of service from the state court complaint indicates that personal service was made to "Boyd Racing LLC" on October 22, 2015 but does not indicate where it was made or on whom. Doc. 5, att. 3, p. 1.
   Williams does not refute the allegation of improper service in its brief in support of the Motion to Remand. Instead he argues that the improper service exception to the forum defendant rule, discussed below, should not be applied to Boyd Racing as removing party. Doc. 5, att. 1, pp. 4–6.

[2] In the citizenship section of the civil cover sheet, Boyd Racing marked that it was incorporated **or** had a principal place of business in Louisiana. Doc. 1, att. 1, p. 1. However, it did not mark the boxes indicating either that it was a Louisiana citizen or a citizen of another state. *Id.*

[3] Section 1441(b)(2) states that, when removal is based on diversity jurisdiction, the action "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

## II.
## LAW & ANALYSIS

### A. *Motion to Remand*

Any civil action brought in a State court of which the district courts have original jurisdiction may be removed to the proper district court. 28 U.S.C. § 1441(a) (2013). District courts have original jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a)(1) (2013). The diversity provisions of 28 U.S.C. § 1332(a)(1) require complete diversity among the parties. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). The removing party bears the burden of showing that removal was procedurally proper and that federal jurisdiction exists. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

Generally a civil action must be removed within 30 days of the defendant's receipt, "through service or otherwise," of a copy of the complaint. 28 U.S.C. § 1446(b). A removal petition may be amended freely within this 30-day period. *Mayers v. Connell*, 651 F.Supp. 273, 274 (M.D. La. 1986). After that time it may still be amended pursuant to 28 U.S.C. § 1653 to correct defective allegations of jurisdiction. *Courtney v. Benedetto*, 627 F.Supp. 523, 527 (M.D. La. 1986). However, the right to amend under § 1653 is limited and cannot otherwise be used to remedy "a substantial defect in the removal proceedings." *Id.*

The parties have not established whether the time to amend as a matter of right had passed.[4] We thus consider whether both alleged defects to removal exist and, if so, whether amendment should be allowed to cure them under § 1653.

---

[4] Boyd Racing does not state when it first received a copy of the state court complaint. Because it moved for leave to amend on December 10, the latest date on which it could have first received a copy of the state court complaint and still qualify this amendment as one made as a matter of right is November 10, 2015.

### 1. *Citizenship Allegation*

Williams claims a removal defect through Boyd Racing's failure to "adequately [allege] its citizenship and . . . [meet] its burden of complete diversity." Doc. 5, att. 1, p. 2. He maintains that Boyd Racing stopped short of establishing its citizenship as an LLC by failing to disclose the citizenship of its members in the Notice of Removal. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (stating that the citizenship of an LLC is determined by the citizenship of all its members). We agree. This defect is plainly a jurisdictional one as it relates to the establishment of diversity jurisdiction. Therefore amendment is still allowed to correct it under § 1653.

The amount in controversy claim remains uncontested from the original notice of removal. The amendment therefore establishes diversity jurisdiction by showing complete diversity through Boyd Racing's Nevada citizenship and Williams' Texas citizenship. Accordingly, the defect has been corrected and cannot be used to justify a remand on the basis of lack of subject matter jurisdiction.

### 2. *Forum Defendant Rule*

Williams claims a second removal defect from the appearance in the removal notice that Boyd Racing was a citizen of the forum state. The forum defendant rule is a procedural issue rather than a jurisdictional one. *In re Exxon Chemical Fire*, 558 F.3d 378, 392 (5th Cir. 2009). Amendment would not be allowed under § 1653 to correct this defect. However, it does not appear that the statement regarding Boyd Racing's citizenship in the original Notice of Removal was sufficient to establish a violation of the forum defendant rule. As Williams asserted under the previous claim, the statement that Boyd Racing is a "Louisiana Limited Liability Company" is insufficient to establish Boyd Racing's citizenship because it does not allege the citizenship of the

LLC's members. *See Grey Wolf Drilling Co.*, 542 F.3d at 1080. It thus would be unreasonable to impute a violation of the forum defendant rule from this statement.

Even if we did find that it was reasonable to impute Louisiana citizenship from Boyd Racing's deficient allegation, there would be no violation of the forum defendant rule. The forum defendant rule speaks of those parties "**properly** joined and served as defendants." 28 U.S.C. § 1441(b)(2) (emphasis added). Multiple district courts within the circuit have held that the presence of a forum defendant will not create a defect if that defendant was not properly served at the time of removal. *Reynolds v. Personal Representative of the Estate of Johnson*, 2015 WL 5839408, *2–*3 (W.D. Tex. Oct. 7, 2015); *Harvey v. Shelter Ins. Co.*, 2013 WL 1768658, *2 (E.D. La. Apr. 24, 2013); *Holmes v. Lafayette*, 2013 WL 654449, *1 (N.D. Miss. Feb. 1, 2013); *Evans v. Rare Coin Wholesalers, Inc.*, 2010 WL 595653, *2 (E.D. Tex. Jan. 28, 2010); *Ott v. Consol. Freightways Corp. of Del.*, 213 F.Supp.2d 662, 666 (S.D. Miss. 2002); *see also* 14B Wright & Miller, Federal Practice and Procedure § 3723 (4th ed.) (noting that the language of § 1441(b)(2) "implies that a diverse but resident defendant who has not been served may be ignored in determining removability.")

As Williams noted, some courts have taken a skeptical view of the "properly joined and served" language when it appears that the defense is taking improper advantage of the exception. One district within this circuit has specifically emphasized that allowing the forum defendant himself to use this language would produce "an undeniably absurd result." *Breitweiser v. Chesapeake Energy Corp.*, 2015 WL 6322625, *4–*5 (N.D. Tex. 2015). *Breitweiser*, however, dealt with "snap removals," which occur "just after the state court case has been filed" and "just before the plaintiff has the opportunity to serve any forum defendant." *Id.* at *3. The instant case does not seem to be a snap removal, as service had already been attempted and over two months

passed between filing of the complaint in state court and removal. However, we note that the Eastern District of Louisiana also briefly distinguished two cases where the forum defendant attempted to remove the case before being served. *Stewart v. Auguillard Constr. Co.*, 2009 WL 5175217, *4 (E.D. La. Dec. 18, 2009). Other districts around the country have also loosely interpreted the plain language of the forum defendant rule, finding that the defendant's voluntary appearance should be equated with the concept of service under § 1441(b)(2) or that the service requirement should not be applied where it appears that the defendant strategically removed the case before being served. *E.g.*, *Windac Corp. v. Clarke*, 530 F.Supp. 812, 813 (D. Neb. 1982); *Vivas v. Boeing Co.*, 486 F.Supp. 2d 726, 733 (N.D. Ill. 2007).

      A distinction or exception to the service requirement in this case seems unwarranted. Boyd Racing provided an incomplete statement of its own citizenship in the Notice of Removal, stating that it was a Louisiana LLC, from which Williams imputed an allegation of Louisiana citizenship. Yet the corporate disclosure statement, filed on the same day, clearly indicates that Boyd Racing is a Nevada citizen. Boyd Racing's failure to identify itself as a Louisiana citizen on the civil cover sheet likewise provides some support for the notion that the citizenship allegation in the original Notice of Removal was merely incomplete. It thus appears unlikely that removal-before-service was a matter of strategy on Boyd Racing's part to circumvent a known forum defendant violation. Accordingly, we see no reason to depart from § 1441(b)(2)'s plain language here.

      As the serving party, Williams bears the burden of proving that service upon Boyd Racing was proper. *Systems Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990). His return of service, *supra* note 1, provides insufficient substantiation of this issue. Therefore Boyd Racing is considered a non-served defendant in this matter. Accordingly, imputing Louisiana citizenship from its deficient statement in the Notice of Removal does not yield a violation of the

forum defendant rule and cannot serve as the basis for remand even in the absence of an amendment.

Therefore the only defect to the original Notice of Removal is jurisdictional and it has been duly corrected by the amendment allowed under the previous claim.

### B. *Motion for Attorney's Fees*

Under 28 U.S.C. § 1447(c), an order of remand "may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." Here the Motion to Remand is to be denied because of this court's findings of no merit under both of Williams' claims. Accordingly, there is no order of remand and no justification for an award of attorney's fees.

### III.
### CONCLUSION

For the reasons stated above, the Motion to Remand and Motion for Attorney's Fees [doc. 5] are hereby **DENIED**.

THUS DONE AND SIGNED in Chambers this 19th day of January, 2016.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE